IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHIL DEGGINGER, *et al.*  : CIVIL ACTION
:
    v.  :
:
HOUGHTON MIFFLIN HARCOURT  :
PUBLISHING COMPANY, *et al.*  : NO. 10-3069

**MEMORANDUM**

Fullam, Sr. J.                                                                  September 2, 2010

        The plaintiffs, who are the owners of thousands of "stock" photographs that have been licensed for use in illustrating the defendants' textbooks, allege in this lawsuit that the defendants fraudulently misrepresented the intended scope of the license and violated the plaintiffs' copyright. The defendants have filed a motion to dismiss the claims of copyright violation as to 11 photographs for which applications to register the copyright are pending but have not yet been approved, and to dismiss the fraud claims as barred by Pennsylvania's "gist of the action" doctrine.

        An action claiming violation of the copyright laws cannot be maintained unless the article in question has been registered with the copyright office. 7 U.S.C. § 411(a). The Supreme Court recently held that this requirement "is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." <u>Reed Elsevier v. Muchnick</u>, 130 S. Ct. 1237, 1241 (2010). The Court did not decide, however, whether an action may be maintained if the copyright application

is pending, but not yet approved. There is a split of authority on the question, and the Court of Appeals for the Third Circuit has not weighed in with its view. I am persuaded by the reasoning of the Ninth Circuit in <u>Cosmetic Ideas v. IAC/Interactivecorp</u>, 606 F.3d 612 (9th Cir. 2010), in an appeal decided after <u>Reed Elsevier</u>, that allowing claims with pending registrations to proceed best serves the aims of the copyright laws. The motion to dismiss will be denied as to the copyright claims.

With regard to the fraud claims, the defendants argue that the plaintiffs have attempted to recast breach of contract claims into tort claims, which is not permitted under Pennsylvania's "gist of the action" doctrine. <u>eToll, Inc. v. Elias/Savion Advertising, Inc.</u>, 811 A. 2d 10 (Pa. Super. Ct. 2002). Under Pennsylvania law, however, claims that the defendant fraudulently agreed to perform obligations that it never intended to perform in order to induce the plaintiff to agree to certain terms are not barred by the gist of the action doctrine. <u>Mirizio v. Joseph</u>, --- A.2d ----, 2010 WL 1645965 (Pa. Super. Apr. 26, 2010); <u>Sullivan v. Chartwell Inv. Partners, LP</u>, 873 A.2d 710 (Pa. Super. 2005). The plaintiffs argue that the defendants misrepresented the number of copies they intended to print in order to secure a lower price, and hid later infringements from the plaintiffs. At this point, I am not

2

prepared to rule as a matter of law that these allegations constitute only a breach of contract instead of a fraud collateral to the relevant agreement.  The motion to dismiss the fraud claims will be denied.

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,    Sr. J.